UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FREDERICK FRANZ,

    Plaintiff,

v.                                             Case No: 2:18-cv-536-FtM-38MRM

JOHN DOE and WALMART INC.,

    Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on *sua sponte* review of Defendant Walmart, Inc.'s Notice of Removal. (Doc. 1). Walmart removed this slip and fall action based on diversity of citizenship. (Doc. 1); 28 U.S.C. §§ 1441; 1332. After review, the Court finds that Walmart did not meet its burden to establish the amount in controversy.

Federal courts are courts of limited jurisdiction and are obligated to inquire into jurisdiction *sua sponte* whenever it may be lacking. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Diversity jurisdiction requires that the parties' citizenship be diverse and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332. If a plaintiff makes an unspecified demand for damages in state court, the removing defendant bears

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

the burden to prove the amount in controversy exceeds $75,000 by a preponderance of the evidence. *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). To satisfy this burden, a removing defendant may present "affidavits, declarations, or other documentation." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). "All doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411.

Here, the Complaint alleges that Franz's damages exceed $15,000. (Doc. 2 at 1). Because Franz seeks an unspecified amount of damages, the burden is on Walmart to establish the amount in controversy. Walmart relies on Franz's response to its request for admission and his injuries to meet the $75,000 threshold. (Doc. 1 at ¶¶ 16-22). This is insufficient.

First, it is impossible to tell what injuries Franz suffered because the Complaint and the Notice contain conclusory, unspecific allegations regarding a "severe" injury that resulted in damages. (Docs. 1; 2). Second, while Franz admitted to seeking more than $75,000 in damages, a response to a request for admission alone is insufficient to establish the amount in controversy. (Docs. 1-3 at 33; 1-5); *see Hood v. Wal-Mart Stores E., L.P.*, 8:18-CV-767-T-33JSS, 2018 WL 1581858, at *1 (M.D. Fla. Apr. 2, 2018); *Pugliese v. Texas Roadhouse, Inc.*, 5:17-CV-392-OC-PRL, 2017 WL 6276587, at *2 (M.D. Fla. Dec. 11, 2017)*; Bienvenue v. Wal-Mart Stores, E., LP*, 8:13-CV-1331-T-33TGW, 2013 WL 5912096, at *2 (M.D. Fla. June 19, 2013). And Walmart has not supported this conclusory admission in any way. The Court is then left to evaluate vague allegations related to an unspecified injury coupled with the conclusory admission that

Franz seeks more than $75,000 in damages.  Without more, Walmart has not met its burden.  Thus, the Court will remand this action.

Accordingly, it is now

**ORDERED:**

This action is **REMANDED**.

(1) The Clerk of Court is **DIRECTED** to remand this case to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, and to transmit a certified copy of this Order to the Clerk of Court.

(2) The Clerk is further **DIRECTED** to terminate all pending motions and deadlines and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 13th day of August 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record