UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FREDERICK FRANZ,

    Plaintiff,

v.                                Case No: 2:18-cv-536-FtM-38MRM

JOHN DOE and WALMART INC.,

    Defendants.
_____/

## **ORDER**[1]

Before the Court is Defendant Walmart Inc.'s Motion for Reconsideration and Supplemental Certification. (Docs. 7; 8). This matter is ripe for review.

This is a slip and fall action originally filed in state court. (Doc. 1). Walmart removed the action based on diversity jurisdiction. (Doc. 1). After considering Walmart's Notice of Removal (Doc. 1), the Court *sua sponte* remanded the case because Walmart failed to meet its burden to show the amount in controversy. (Doc. 6). Now, Walmart asks the Court to reconsider its *sua sponte* Order remanding this action to state court and grant it the opportunity to supplement its Notice of Removal. (Doc. 7).

A motion for reconsideration is an extraordinary remedy that should be used sparingly. See *Carter v. Premier Rest. Mgt.*, 2:06CV212FTM99DNF, 2006 WL 2620302,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

at *1 (M.D. Fla. Sept. 13, 2006). Motions for reconsideration exist to correct manifest errors of law or fact, to present new evidence not previously available, or to address a change in controlling law. See Smith v. Ocwen Fin., 488 Fed. App'x. 426, 428 (11th Cir. 2012); Susman v. Salem, Saxon & Meilson, P.A., 153 F.R.D. 689, 904 (M.D. Fla. 1994). District courts have discretion in deciding a motion for reconsideration. See Drago v. Jenne, 453 F.3d 1301, 1305 (11th Cir. 2006).

Here, Walmart argues that the Court did not have authority to *sua sponte* remand this case based on a procedural defect. (Doc. 7). Walmart contends that a failure to adequately allege the amount in controversy in a removal notice is a procedural defect, and thus it should be given the opportunity to amend or supplement its removal notice. (Doc. 7). Walmart also identifies additional evidence to support its position that the amount in controversy exceeds $75,000, including medical charges that exceed $100,000. (Doc. 7). Further, Walmart represents that Plaintiff Frederick Franz does not oppose the relief requested. (Doc. 8). After careful review, the Court finds good cause to reconsider its Order.

The Eleventh Circuit does not allow a district court to *sua sponte* remand a case based on a procedural defect. See Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc., 254 F.3d 1317, 1320–21 (11th Cir. 2001) (holding that the district court exceeded its authority by *sua sponte* remanding an action because of a perceived procedural defect in the removal process); Eparvier v. Fortis Ins. Co., 312 Fed. App'x. 185, 187 (11th Cir. 2008) (recognizing that a district court must wait for a party's motion before remanding a case based on a defendant's untimely removal). To illustrate this concept, the Eleventh Circuit in Corp. Mgt. Advisors, Inc. v. Artjen Complexus, Inc.

overturned a district court order that *sua sponte* remanded a case because defendant failed to properly allege citizenship in its notice of removal. 561 F.3d 1294, 1296 (11th Cir. 2009). The court determined that a defendant's failure to allege citizenship in a notice of removal was a procedural, rather than a jurisdictional, defect, and defendant should have been given an opportunity to cure its notice of removal. *Id.* at 1297.

Because this Court's remand order was based on a procedural defect, *i.e.* Walmart's failure to show the amount in controversy, rather than a lack of jurisdiction, the Court should not have remanded the action *sua sponte*. Thus, the Court will vacate its previous remand Order (Doc. 6) and reopen this case. Further, the Court will consider the evidence attached to Walmart's Motion for Reconsideration (Doc. 7-1) as a supplement to its Notice of Removal. After review of the supplemental documentation (Doc. 7-1), the Court is satisfied that the amount in controversy requirement is met.

Accordingly, it is now

**ORDERED:**

Defendant Walmart Inc.'s Motion for Reconsideration (Doc. 7) is **GRANTED.** The Court's *sua sponte* Order remanding this action (Doc. 6) is vacated and the case is reopened.

1. The Clerk of Court is **DIRECTED** to reopen this case.
2. The Clerk of Court is **DIRECTED** to remove the gavel on the pending Supplemental Certification (Doc. 8).
3. The Clerk of Court is further **DIRECTED** to file a Related Case Order and Track Two Notice under separate cover.

4. Within **fourteen (14) days** of the Track Two Notice filing, counsel shall meet for the purpose of preparing and filing a Case Management Report under Middle District of Florida Local Rule 3.05. The Case Management Report must be filed within **fourteen (14) days** after the meeting. All other requirements and deadlines outlined in Local Rule 3.05 for Track Two cases remain unchanged.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of September 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record